FILED

MAY - 1 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Network Computing Services Corp.,

    Plaintiff,

vs.

Cisco Systems, Inc., Scott Sawyer, Mark Martin, Carol Jaworski, Woody Sessums and John Dispenette,

    Defendants.

And

Cisco Systems, Inc.,

    Counterclaimant,

vs.

Network Computing Services Corp., William P. Charping, and John Does I-XXV,

    Counterclaim Defendants.

MOTION TO COMPEL PLAINTIFF AND COUNTERCLAIM DEFENDANTS TO RESPOND FULLY AND IN GOOD FAITH TO DEFENDANT SAWYER'S FIRST SET OF INTERROGATORIES

CASE NO.: 3:01-0281-19

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendant Scott Sawyer moves this Court to compel plaintiff Network Computing Services, Corp. ("NCS") and counterclaim defendant William P. Charping to respond fully and in good faith to interrogatories number 3, 4, and 5 of Sawyer's First Set of Interrogatories.

This motion arises from the latest effort by plaintiff and counterclaim defendant to stonewall discovery, which they have done throughout this case. The interrogatories at issue are simple. They seek information directed at whether Mr. Charping (the plaintiff's CEO) coached or otherwise attempted to influence the deposition testimony of David Bumgardner.[1] Interrogatories 3, 4, and 5

---

[1] Mr. Bumgardner is a former employee of defendant Cisco Systems. When he refused to appear for the completion of his deposition four times in a row, despite having been subpoenaed to appear and having agreed to appear each time, defendants were forced to move the Court to order Bumgardner to appear, which the Court did at a hearing on

ask that NCS and Charping "[d]escribe in detail" any communications by NCS or Charping, or others acting on their behalf, with Mr. Bumgardner concerning his written statement, the content of his deposition testimony when it began on August 20, 2001, or the content of his deposition testimony when it was completed on March 5, 2002. The plaintiff's response to these interrogatories, which in each instance quotes the interrogatory before stating the response, is attached hereto as Exhibit A.

The plaintiff admits that such communications took place. However, as is readily apparent from each of plaintiff's responses, no effort has been made to provide any details of those communications. While we do not expect Mr. Charping to remember the conversations word for word, it is not believable that Charping remembers only the vague information provided in the responses. Indeed, in the case of interrogatory number 5, there has been no effort to state even the most basic information about the substance of the conversations to which the response refers.

NCS and Charping have not made a good faith effort to respond to this discovery. Unfortunately, we must again go to the Court to ask that they be compelled to do so. The undersigned wrote twice to opposing counsel to ask that they supplement these responses, but has not received any additional information. At this time, we are required by the Local Rules to move to compel.

* * *

For these reasons, defendant Sawyer moves the Court to order NCS and Charping to respond to the interrogatories fully and in good faith.

---

February 20, 2002. The deposition was finally completed on March 5, 2002, pursuant to the Court's order, after literally months of trying to induce Mr. Bumgardner to appear.

2

Respectfully submitted,

WYCHE, BURGESS, FREEMAN & PARHAM, P.A.

By *(signature)*
Henry L. Parr, Jr. (Federal Court I.D. No. 2984)
Wallace K. Lightsey (Federal Court I.D. No. 1037)
William M. Wilson III (Federal Court I.D. No. 7611)
44 E. Camperdown Way
Post Office Box 728
Greenville, SC 29602-0728
Telephone: 864-242-8200
Telecopier: 864-235-8900
E-Mail: hparr@wyche.com; wlightsey@wyche.com; bwilson@wyche.com

Date: May 1, 2002
Greenville, South Carolina

Attorneys for Defendants

## CERTIFICATE OF CONSULTATION

Attorneys for movant hereby certify that, prior to filing the foregoing motion, we consulted with the attorney for the opposing party and attempted in good faith to resolve the dispute addressed by the motion.

*(signature)*
Henry L. Parr, Jr.
Wallace K. Lightsey
William M. Wilson III

3



DEFENDANT'S EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Network Computing Services Corp., <br><br> Plaintiff, <br><br> vs. <br><br> Cisco Systems, Inc., Scott Sawyer, Mark Martin, Carol Jaworski, Woody Sessums and John Dispenette, <br><br> Defendants. <br><br> And <br><br> Cisco Systems, Inc., <br><br> Counterclaimant, <br><br> vs. <br><br> Network Computing Services Corp., William P. Charping, and John Does I-XXV, <br><br> Counterclaim Defendants. | **PLAINTIFF NETWORK COMPUTING SERVICES, CORP.'S ANSWERS TO DEFENDANT SAWYER'S FIRST SET OF INTERROGATORIES** <br><br> CASE NO.: 3:01-0281-19 |

**TO:  WALLACE K. LIGHTSEY, Attorney for the Defendant Cisco.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Network Computing Services Corp., hereby answers the Interrogatories of Defendant, Cisco, as follows:

   1.   If NCS or Charping, or anyone acting in concert with or on behalf of NCS or Charping, including but not limited to any attorney(s) for NCS or Charping or any person

1

working for or with such attorney(s), requested that David Bumgardner prepare a written statement or assisted in any way or had any input in the preparation or revision of any such statement, identify all such persons, the date(s) on which any and all such requests, assistance, or input were made, and the substance of all communications with David Bumgardner concerning such matters.

**ANSWER:** **Charping called and asked if Mr. Bumgardner would consider giving a complete statement that he could provide to Mr. Montgomery concerning his involvement and what happened between NCS and Cisco Systems. The date of Charping's call is unknown.**

2. Describe in detail any involvement by NCS or Charping, or anyone acting in concert with or on behalf of NCS or Charping, including but not limited to any attorney(s) for NCS or Charping or any person working for or with such attorney(s), in consideration, discussion, preparation, drafting, review, revision, or typing of any written statement by David Bumgardner.

**ANSWER: Charping called and asked if Mr. Bumgardner would consider giving a complete statement concerning his involvement and what happened between NCS and Cisco Systems. Mr. Bumgardner provided a statement which he prepared and had typed.**

3. Describe in detail any communication by NCS or Charping, or anyone acting in concert with or on behalf of NCS or Charping, including but not limited to any attorney(s) for NCS or Charping or any person working for or with such attorney(s), with David Bumgardner concerning any written statement by him or the content of any such statement.

2

**ANSWER:** There were no communications about the content of the statement other than the request from Charping that it outline Bumgardner's knowledge of the circumstances between Cisco and Network and that he provide a truthful account.

4. Describe in detail any communication by NCS or Charping, or anyone acting in concert with or on behalf of NCS or Charping, including but not limited to any attorney(s) for NCS or Charping or any person working for or with such attorney(s), with David Bumgardner concerning the content of his deposition testimony on August 20, 2001, either before or after the deposition.

**ANSWER:** Charping had telephone conversations and face-to-face meetings with Mr. Bumgardner regarding this deposition. But Charping does not recall all that they talked about other than Bumgardner's involvement as Cisco's agent. Prior to his deposition, Bumgardner called Network's attorney who advised him that his obligation during the deposition was to tell the truth. There was no discussion of his substantive testimony.

5. Describe in detail any communication by NCS or Charping, or anyone acting in concert with or on behalf of NCS or Charping, including but not limited to any attorney(s) for NCS or Charping or any person working for or with such attorney(s), with David Bumgardner concerning the content of his deposition testimony on March 5, 2002, either before or after the deposition.

3

**ANSWER:** Charping had telephone conversations and face-to-face meetings with Mr. Bumgardner regarding his deposition. There are no records of the dates or times of these conversations.

Respectfully submitted,

MONTGOMERY, PATTERSON, POTTS & WILLARD, L.L.P.

Michael H. Montgomery (Federal Court I.D. No. 3960)
1812 Lincoln Street, Suite 100
Post Office Box 11886
Columbia, South Carolina 29211-1186
Telephone: 803-779-3500
Telecopier: (803) 799-2755
Email: mhm@mppw.net

Date: April 11, 2002
Columbia, South Carolina

Attorneys for Plaintiff and Counterclaim Defendants

## CERTIFICATE OF SERVICE

I, Marsha S. Perry, the undersigned employee of Montgomery, Patterson, Potts & Willard, L.L.P., do hereby certify that I have served a copy of the foregoing *Plaintiff Network Computing Service, Corp.'s Answer to Defendant Sawyer's First Set of Interrogatories* on the parties in the above-captioned matter, by mailing a copy of the same via United States Mail, with the appropriate amount of postage prepaid and affixed, to the following address(es):

Wallace K. Lightsey, Esquire
Wyche Burgess Freeman & Parham, P.A.
Post Office Box 728
Greenville, S.C. 29602-0728

Columbia, South Carolina
Date: April 11, 2002

Marsha S. Perry

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RECEIVED
MAY 0 1 2002
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Network Computing Services Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>Cisco Systems, Inc., Scott Sawyer, Mark Martin, Carol Jaworski, Woody Sessums and John Dispenette,<br><br>      Defendants.<br>And<br><br>Cisco Systems, Inc.,<br><br>      Counterclaimant,<br><br>vs.<br><br>Network Computing Services Corp., William P. Charping, and John Does I-XXV,<br><br>      Counterclaim Defendants. | C/A No. 3:01-0281-19<br><br><br><br>CERTIFICATE OF SERVICE |

I hereby certify that I have this day caused a true copy of the following: **MOTION TO COMPEL PLAINTIFF AND COUNTERCLAIM DEFENDANTS TO RESPOND FULLY AND IN GOOD FAITH TO DEFENDANT SAWYER'S FIRST SET OF INTERROGATORIES** in this case to be served on counsel for Plaintiff and Counterclaim Defendants by placing same in an envelope and mailing via First Class Mail to:

Michael H. Montgomery, Esquire
Montgomery, Patterson, Potts & Willard, LLP
1812 Lincoln Street, Suite 100
Post Office Box 11886
Columbia, South Carolina 29211-1886

G. Patrick Watson, Esquire
Powell, Goldstein, Frazer & Murphy LLP
191 Peachtree Street, N.E., Sixteenth Floor
Atlanta, Georgia 30303

May ___ 2002

_____
William M. Wilson, III